**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUZANA KRAJISNIK | ) | |
| | ) | Case No. 1:21-cv-00775 |
| Plaintiff, | ) | |
| | ) | Honorable John Z. Lee |
| v. | ) | |
| | ) | |
| C.D. PEACOCK, INC., SEYMOUR | ) | |
| HOLTZMAN, individually, ROBERT | ) | |
| BAUMGARDNER, individually, DYOL | ) | |
| HILL, individually, CHRISTOPHER | ) | |
| CROTEAU, individually, & YINGXUE | ) | |
| DUAN, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT C.D. PEACOCK, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant C.D. Peacock, Inc. ("Defendant" or "CDP") by and through its attorneys, Jane M. McFetridge and Audrey Olson Gardner of Jackson Lewis P.C., hereby submit this Opposition memorandum in response to the Motion for Reconsideration (Dkt. No. 28)[1] filed by Plaintiff Suzana Krajisnik ("Plaintiff" or "Krajisnik").

## INTRODUCTION

On February 11, 2021, Plaintiff filed a Complaint for damages against CDP. (*See* Dkt. No. 1). CDP advised Plaintiff's counsel well in advance of its filing that the draft complaint they had provided unnecessarily revealed CDP's confidential and trade secret information and confidential customer information (hereinafter collectively referred to as "Confidential Information").

---

[1] Preliminarily, Defendant notes that Plaintiff's Motion violates Local Rule 5.2(e) because it is not double spaced. Had it properly been double spaced, the Motion would have well exceeded 15 pages in violation of Local Rule 7.1.

Notwithstanding this advance notice, Plaintiff proceeded to file her Complaint without making even a minimal effort to protect this sensitive information. Accordingly, after Plaintiff filed her Complaint, CDP immediately filed an emergency motion to seal ("CDP's Motion" or the "Motion to Seal") that same day. (*See* Dkt. No. 6).

The Court held a hearing on CDP's Motion the following day, during which the parties were given a full opportunity to argue their respective positions. Specifically, Plaintiff's counsel tried arguing that the Complaint did not contain Confidential Information because there is allegedly information on the internet "about how Rolex conducts its business." (Ex. A, Hearing Transcript, p. 6). After considering argument from both parties, the Court explained:

> As a general matter, there's a presumption that papers filed in the court record are public and should be publicly available. The exception is if there is good cause to deem them confidential or protected. One of the factors the Court considers is whether or not they would reveal any business confidential information or any trade secrets that might place one or more of the parties at a competitive disadvantage or provide information to the public that is not otherwise publicly available for the purposes – or in that trade.

(*Id.*, p. 16). With these considerations in mind, the Court then ruled on CDP's Motion, ordering that paragraphs 39-44, 47-54, 58, 61-63, 87, 93, 106, 121, 161, 178-179 and Exhibits A-C, J, and O should be redacted. (*Id.* at p. 17-18). The Court also denied CDP's Motion in part, concluding that good cause did not warrant sealing paragraphs 45-46, 108, 118-119, 121, 152, and 158 or Exhibits D-I, N, and P of the Complaint. (*Id.*) Plaintiff later consented to redacting portions of Exhibits M, K, and R. (*Id.* at p. 18-19; Dkt Nos. 17 and 18).

Even though the Court denied CDP's Motion in part, Plaintiff's counsel remained unsatisfied and asked the Court for permission to "brief the issue as to whether these are trade secrets?" (Ex. A, Hearing Transcript, p. 19). The Court rejected Plaintiff's counsel's request and declared that the ruling was the Court's final order on the matter. (*Id.*)

Nevertheless, Plaintiff has now brought the instant Motion for Reconsideration, claiming that the Court incorrectly analyzed CDP's Motion and the sealed paragraphs do not reflect CDP's Confidential Information. Plaintiff has already been instructed that the Court would not entertain further briefing on this issue. Her direct defiance of the Court's instructions is a clear misuse of the judicial process and an improper attempt to increase the expense and contentiousness of this litigation. As explained below, the Court correctly analyzed CDP's Motion by determining that good cause existed to seal portions of the Complaint. And Plaintiff has failed to demonstrate that the redacted paragraphs do not contain Confidential Information. Furthermore, allowing the Court's order to stand in no way prejudices the Plaintiff's ability to pursue her claims in this action. Accordingly, her Motion for Reconsideration should be denied.

## **ARGUMENT**

### A. **Standard for a Motion for Reconsideration.**

Motions for consideration are heavily disfavored. *HCP of Ill., Inc. v. Farbman Group I, Inc.,* 991 F.Supp.2d 999, 1000 (N.D. Ill. 2013) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). This is because a court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong,* 895 F.3d 927, 932 (7th Cir. 2018). Indeed, "[s]piraling dockets and limited judicial resources necessarily preclude a permissive attitude toward attempts by losing parties to have another go at it." *Id.*

"The power to reconsider a prior decision is to be exercised only in the rarest of circumstances and only where there is a compelling reason[.]" *Terese F. v. Saul,* 396 F.Supp.3d 793, 794 (N.D. Ill. 2019) (internal citations omitted). Reconsideration "is not a mechanism that allows a party to revisit strategic decisions that prove to be improvident, to make arguments that

could and should have been made in prior briefing, to express mere disagreement with a decision of the court, or to reprise or 'rehash' arguments that were rejected." *Id.* Yet, here, that is exactly what Plaintiff seeks to do.

Plaintiff's decision to file a motion for reconsideration in response to the Court's ruling on a non-dispositive motion to seal is nothing but a waste of both the parties' and the Court's time and resources. The Court's order on the Motion to Seal will not affect Plaintiff's ability to prosecute her alleged claims against CDP. Her reaction to having only a few paragraphs sealed is entirely unreasonable. Clearly, Plaintiff's intentions are not to vindicate any supposed injustice (indeed, none has occurred; Plaintiff is a disgruntled former employee and her claims have no basis), but rather to publicly disparage CDP's name to the fullest extent possible.

As Plaintiff's Motion acknowledges, the Court expressly informed both parties it had made its final ruling on CDP's Motion to Seal and would not accept further briefing of the issues. Yet, Plaintiff has intentionally ignored the Court's admonition and forced the parties to brief the issues anyway. Her Motion for Reconsideration should be denied on this basis alone.

**B. The Court's Order Was Sufficiently Specific and Well-Reasoned.**

In various parts of her Motion, Plaintiff argues that reconsideration is warranted because the Court's ruling on CDP's Motion to Seal was not sufficiently specific. (*See* Mot., Dkt. No. 28, p. 9, 11). This assertion has no basis.

As explained by one of the cases cited by Plaintiff, "[i]n deciding to seal a case, a district court should articulate the findings and reasoning that served as a basis for the seal[.]" *Grove Fresh Distribs. v. John Labatt Ltd.,* 888 F. Supp. 1427, 1444 (N.D. Ill. 1995) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 898 (7th Cir. 1994)). However, "an absence of those findings and reasoning in the record is not necessarily evidence that a court never

considered good cause, the real question is whether or not there was any substantive decision behind the record's 'silence.'" *Id.* (holding that the court's order was valid because, even though the court never expressly referenced "good cause," the record suggested the Court had independently determined good cause and balanced the parties' interests.)

Here, Plaintiff's contention that the Court's order was not sufficiently specific is entirely meritless. The Court clearly explained that it was balancing the public's interest in having the proceedings be available with CDP's interest in protecting its confidential business and trade secret information. The Court expressly declared it was required to determine whether good cause existed before sealing the Complaint. It is therefore clear that wherever a paragraph was sealed, the Court had determined that CDP's interest in protecting the Confidential Information outweighed the public's right to view those portions of the Complaint. As such, Plaintiff's contention that the Court must reconsider its ruling because it was insufficiently specific should be disregarded.

C. **The Court Properly Considered Whether Good Cause Justified Granting CDP's Motion under Local Rule 26.2 and Federal Rule of Civil Procedure 5.2.**

Plaintiff's Motion further argues that the Court improperly decided CDP's Motion to Seal by "solely" analyzing it under the good cause standard found in Local Rule 26.2 and not considering the First Amendment. (*See* Mot., Dkt. No. 28, p. 4). Notably, while CDP also brought its Motion to Seal under FRCP 5.2, Plaintiff does not address this Rule in connection with this argument.

According to Plaintiff, the good cause standard in Local Rule 26.2 may only be used when considering uncontested or stipulated motions to seal. She asserts that when a motion to seal is by contrast, contested, as in this case, the Court may only grant the motion if a heightened First

Amendment compelling interest[2] standard sometimes used in the Fourth Circuit is met.  (*See* Mot. p. 5-6).  This argument is contrary to the plain language of Local Rule 26.2, the Federal Rules of Civil Procedure, and Seventh Circuit precedent.

Local Rule 26.2(b) clearly states "[t]he [C]ourt may for good cause shown enter an order directing that one or more documents be filed under seal."  Similarly, FRCP 5.2(e) states "[f]or good cause, the court may by order in a case (1) require redaction of…information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court."  While Plaintiff essentially argues these standards are inconsistent with First Amendment concerns, it is in fact *because* of the First Amendment that good cause must exist before a court may seal a document.  *See Ashley W. v. Holocomb*, 2020 U.S. Dist. LEXIS 150290 at *4 (N.D. Ind. Mar. 13, 2020) (noting that "the public has a right to inspect public records and documents, including court records and documents, which stems from the First Amendment" and then using the "good cause" standard to grant in part and deny in part the defendant's motion to seal); *ABS Global, Inc. v. Inguran, LLC,* 2020 U.S. Dist. LEXIS 83266 at *11 (W.D. Wisc. May 12, 2020) (explaining that a litigant must establish good cause to seal information because the First Amendment authorizes the public to monitor judicial performance).

---

[2] Even if CDP did have to show a "compelling interest" (it did not), the Court's ruling would remain the same.  Under Seventh Circuit precedent, protecting trade secret information is a "compelling" reason to seal information in a Complaint.  *See e.g., Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of trade secrets…the entirety of a trial record can be sealed."); *Below v. Yokohama Tire Corp.,* 2017 U.S. Dist. LEXIS 72620 (W.D. Wisc. May 12, 2017) (granting defendants' motion to seal because "both exhibits…reasonably appear[ed] to contain [defendant's] confidential trade secret [information] for which there [was] no compelling interest in favor of disclosure.")  Plaintiff's efforts to distinguish *Jessup* and the other cases cited by CDP's Motion to Seal are futile (*see* Mot, Dkt. 28, p. 6-7); these cases explain the circumstances when documents may be sealed to protect private information and are thus clearly applicable to the present dispute.

Plaintiff attempts to insert new language into Local Rule 26.2 limiting the Court's ability to use it in this matter. However, there is simply no requirement limiting Local Rule 26.2(b) or FRCP 5.2(e) to motions to seal that are uncontested. Courts in the Seventh Circuit routinely utilize the "good cause" standard found in Local Rule 26.2(b) and FRCP 5.2(e) when deciding contested motions to seal documents such as a complaint. *See e.g., Hanover Ins. Co. v. Morthland Inst. Of Higher Learning,* 2018 U.S. Dist. LEXIS 116317 at *4-5 (S.D. Ill. July 11, 2018) (granting in part and denying in part plaintiff's motion to seal the complaint and exhibits upon a finding of good cause); *Univ. Accounting Servs. LLC v. Scholarchip Card LLC,* 2017 U.S. Dist. LEXIS 107420 at *1-2 (E.D. Wisc. July 11, 2017) (noting that the court must consider whether "good cause" supports a request to seal information contained in a complaint); *Griffith v. Brannick,* 2017 U.S. Dist. LEXIS 40908 at *4 (S.D. Ind. Mar. 21, 2017) ("Documents, especially complaints, which 'influence or underpin the judicial decision are open to public inspection unless' a party shows good cause for them to remain under seal.") *Love v. Medical Coll. Of Wis.,* 2016 U.S. Dist. LEXIS 70665 at *6-8 (E.D. Wisc. May 31, 2016) (deciding not to seal or require redaction of allegations in the complaint where the defendant failed to show "good cause to seal the requested portions of the complaint"); *United States v. Ind. Univ. Health,* 2016 U.S. Dist. LEXIS 200574 at * 4 (D. Ind. June 23, 2016) (granting in part defendants' motion to seal exhibits to plaintiff's amended complaint and noting that a document may be filed under seal where there is good cause for doing so); *Fidlar Techs v. LPS Real Estate Data Solutions, Inc.,* 2013 U.S. Dist. LEXIS 159929 at *73 (C.D. Ill. Nov. 8, 2013) (noting that disclosure is warranted unless the party seeking to seal a document establishes good cause).

For example, just a few weeks ago, in *White v. Collis,* 2021 U.S. Dist. LEXIS 46282 at *1-2 (S.D. Ill. Mar. 12, 2021), the Southern District of Illinois reaffirmed that FRCP 5.2 permits a

court, upon a showing of good cause, to enter an order requiring redaction of information or otherwise limiting access to a filed document. *Id.* at *3. In *White*, the plaintiff filed a complaint and exhibits containing sensitive information. In considering whether to seal the complaint and exhibits, the Southern District noted, "Plaintiff should not have placed this sensitive information in the public record. Instead he should have made the appropriate redactions or filed a motion to seal sensitive documents[.]" Due to the sensitive information which had been publicly filed in the complaint and exhibits, the court, determining that good cause existed, ordered the complaint and exhibits to be sealed. *Id.* at 3-4.

Here too, the Court appropriately considered whether good cause existed before ordering limited portions of the Complaint to be redacted. While Plaintiff asserts that the public's access to this litigation has now been irreparably damaged, this can hardly be the case given that the Court only ordered the most minimal redactions. Plaintiff's Complaint consists of 301 allegations and 39 footnotes spanning 52 pages. While CDP requested that the Court seal the Complaint in the entirety, the Court instead only ordered Plaintiff to seal 24 total paragraphs—merely eight percent of her entire Complaint. And only four out of Plaintiff's eighteen exhibits have been sealed over her objection. The public's ability to understand the nature of Plaintiff's allegations has hardly been impacted. Indeed, it would appear that Plaintiff's true goal is to besmirch Defendants' reputations and business as much as possible in the court of public opinion.

Additionally, Plaintiff's critiques of the Court's use of the "good cause" standard appear particularly insincere considering that her counsel's opening argument at the hearing relied exclusively on this same good cause standard. Before the Court ever even mentioned needing to find "good cause," it was Plaintiff's counsel who argued: "The identity of these parties and the documents defendants broadly allege need to be treated as confidential trade secrets were not

pleaded with specificity in the motion and with the proper particularity to establish **good cause** shown as to each issue in question." (Ex A., Hearing Transcript, p. 4, emphasis added). Plaintiff's present argument that the Court inappropriately analyzed the issues by relying on the good cause standard is directly contrary to her counsel's own assertions. A motion for reconsideration is not an appropriate vehicle for Plaintiff to change her arguments. As a result, her Motion should be denied.

### D. The Sealed Paragraphs and Exhibits Reflect Trade Secret and Confidential Information.

Plaintiff further claims the Court should not have sealed paragraphs 39-44, 47-54, 58, 61-63, 87, 93, 106, 121, 161, 178-179 or Exhibits A-C and J because they do not reflect trade secret or confidential information. As mentioned above, Plaintiff's counsel already tried arguing this during the hearing on CDP's Motion to Seal. Plaintiff's desire to re-litigate this issue is an improper basis for her Motion for Reconsideration. In any event, Plaintiff has not set forth any argument which might compel the Court to reconsider its ruling.

#### 1. The Analysis is the Same Under the Illinois Trade Secrets Act and the Defend Trade Secret Act.

Plaintiff's Motion first contends that the Court improperly relied on the Illinois Trade Secrets Act ("ITSA") 765 lll. Comp. Stat. Ann. 1065/2 in deciding CDP's Motion and should have instead utilized the definition of trade secrets found under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b) ("DTSA"). Plaintiff is incorrect.

Whether CDP's information constitutes a trade secret is a substantive issue, not a procedural one. Accordingly, the Court applies state law in determining whether trade secret information exists in the Complaint. *See Duffy v. Ill. Tool Works, Inc.,* 2018 U.S. Dist. LEXIS

42859 at *12 (E.D.N.Y. Mar. 15, 2018) (applying state law to determine whether information was a trade secret while noting discoverability would be governed by federal law).

In any event, courts in the Seventh Circuit use the same analysis for claims under both the Illinois Trade Secrets Act and the Defendant Trade Secrets Act. *GE v. Uptake Techs., Inc.,* 294 F.Supp.3d 815, 831 (N.D. Ill. 2019); *see also Zeigler Auto Grp. II, Inc. v. Chavez,* 2020 U.S. Dist. LEXIS 6582 at *10 (N.D. Ill. Jan. 15, 2020) ("Given the similarity of the statutes, this Court applies the same analysis to both claims"); *ABC Acquisition Co. LLC v. AIP Prods. Corp.,* 2020 U.S. Dist. LEXIS 143298 at *25 (N.D. Ill. Aug. 11, 2020) (analyzing claims under the ITSA and DTSA together). Under both laws, a trade secret is information which "(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy and confidentiality." *Uptake Techs., Inc.,* 394 F.Supp.3d at 831 (internal citations omitted). Thus, even if the Court were required to exclusively analyze CDP's Motion under the DTSA, it would not affect the analysis or its ruling. The sealed paragraphs reflect trade secret information under either law.

### 2. The Information Sealed in the Complaint is Not Generally Known.

Plaintiff's Motion next contends that the sealed information in the Complaint is "well known" by the public and therefore cannot meet the definition of a trade secret. However, in support of this contention, Plaintiff only cites to underground internet forums of questionable reliability where unnamed individuals (including potential ex-employees in breach of confidentiality agreements) debate and speculate about Rolex's policies and practices. It is entirely unclear how many different individuals are actually posting on these accounts, where their information came from, how much of it has been misappropriated, and what percentage of the

general population these "users" reflect. Therefore, any information from these forums is not credible and is most certainly insufficient to establish that CDP's Confidential Information is "generally known."

Further, Plaintiff's contention that CDP's Confidential Information is generally known is directly contradicted by the way she drafted her Complaint. Specifically, it is notable that Plaintiff's Complaint—as evidenced by the footnotes—has to rely on CDP's internal company policies and documents in order to detail CDP's business practices. Her footnotes clearly demonstrate that she was not able to recall this information from memory, nor was she able to find it from any public source. If CDP's information is indeed so well known, surely Plaintiff would not have needed to exclusively rely on CDP's confidential company documents in order to craft her allegations.

Finally, contrary to Plaintiff's assertions, none of the forums cited in her Motion even reveal the information that was sealed in the Complaint. All of the unreliable forums pertain to general discussions about Rolex. They do not detail any of ***CDP's*** specific policies and practices which it implements to protect its relationship with Rolex. Plaintiff repeatedly argues that CDP's policies and practices cannot be trade secrets because a 20-year-old distributorship agreement can be found on the SEC's website between Rolex and a company named Mayor's Jewelers, Inc.[3] However, Plaintiff fails to understand that Rolex's 20-year-old agreement with a completely unrelated company has no relevance to any of Rolex's current agreements with CDP. Accordingly, Plaintiff's contention that CDP's Confidential Information in the Complaint is "generally known" is false. To the contrary, as discussed in CDP's Motion to Seal, the sealed paragraphs reflect

---

[3] Mayor's Jewelers, Inc. appears to be a publicly traded company and therefore would have obligations to publicly file certain documents with the SEC. CDP, by contrast, is not publicly traded and therefore has no obligation to publicly share its confidential business agreements.

CDP's confidential and valuable business practices which it takes active steps to conceal from the public.

### 3. The Complaint Also Reveals CDP's Confidential Customer Information.

Moreover, as discussed in CDP's Motion to Seal, the information sealed in the Complaint not only reveals trade secrets – it also discloses CDP's confidential information, including without limitation, sensitive details about its customers. As described in its Motion to Seal, and further discussed below, CDP requires all of its employees to abide by confidentiality agreements which protect, among other things, details about CDP's customers. These specifics are CDP's confidential information (and their customer's confidential information) and CDP takes active steps to protect them from public dissemination. Plaintiff's public filing of documents—e.g., Exhibits B, C, and J—which directly reveal sensitive information about customers' identities and purchases was therefore entirely improper and a breach of her confidentiality obligations. Furthermore, it was entirely extraneous, doing nothing to advance her alleged causes of action.

Plaintiff contends that she cannot have revealed any confidential information because she complied with the redaction requirements of Rule 5.2(a). However, Rule 5.2(a) merely sets the minimum redaction requirements for any filing; it does not declare the full scope of information that is protectable. This is clearly indicated by Rule 5.2(e), which states that the Court may, for good cause shown, "require redaction of **_additional_** information[.]" As such, Plaintiff's contention that the Complaint also does not contain confidential information has no basis.

### 4. Plaintiff Is In Fact Subject to a Confidentiality Agreement.

Plaintiff lastly contends that she was never subjected to a confidentiality agreement and as a result any information she learned during her employment may be disclosed in the Complaint. The Declaration of Tom Keevan submitted in support of CDP's Motion proves this contention is

false. (*See* Dkt. No. 6-3.)  As discussed therein, CDP requires all of its employees to agree to its confidentiality policy as a condition of employment.  The confidentiality policy expressly defines CDP's confidential information to include:

> Data relating to the Company's marketing and servicing programs, procedures and techniques; the criteria and formulae used by the Company in pricing its products and services; the structure and pricing of special packages that the Company has negotiated; lists of company vendors, lists of customers and prospects; the identity, authority, and responsibilities of key contacts at Company accounts; the composition and organization of accounts' businesses; the peculiar risks inherent in their operations; sensitive details concerning the structure, conditions, and extent of their existing products and services; contract expiration dates; service arrangements; proprietary software, Web applicants and analysis tools; and other data showing the particularized requirements and preferences of the accounts.

(Dkt No. 6-3, p. 7).  The policy then very clearly states that employees:

> must (a) not use any such Confidential Information for your personal benefit or for the benefit of any person or entity other than the Company, and (b) use your best efforts to limit access to such Confidential Information to those who have a need to know it for the business purposes of the Company.

(*Id.*)  Thus, Plaintiff's claim that she has no confidentiality obligations is baseless.  Plaintiff is prohibited from disclosing CDP's Confidential Information which she learned through her employment.  Yet, she continued to do so by publicly filing numerous allegations in the Complaint.  This conduct was a direct violation of her confidentiality agreement.  As such, the Court properly ordered paragraphs 39-44, 47-54, 58, 61-63, 87, 93, 106, 121, 161, 178-179, as well as Exhibits A-C and J to be sealed.

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, Defendant C.D. Peacock, Inc. respectfully requests that the Court enter an order denying Plaintiff's Motion for Reconsideration in its entirety and granting such further and additional relief as the Court deems appropriate.

Dated: April 7, 2021                                    Respectfully submitted,

                                                                C.D. PEACOCK, INC.

                                                                By:    s/ Jane M. McFetridge
                                                                        One of Its Attorneys

Jane M. McFetridge (ARDC No. 6201580)
Audrey Olson Gardner (ARDC No. 6337084)
JACKSON LEWIS P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois  60601
Tel.: 312.787.4949
Jane.McFetridge@jacksonlewis.com
Audrey.Gardner@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jane M. McFetridge, an attorney, certify that on April 7, 2021, I caused a true and correct copy of the attached *Defendant C.D. Peacock, Inc.'s Opposition to Plaintiff's Motion for Reconsideration* to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys and parties of record registered with the Court's ECF/CM system:

The Garfinkel Group, LLC
6252 N. Lincoln Avenue, Suite 200
Chicago, IL 60659
Haskell Garfinkel (ARDC No. 6274971)
haskell@garfinkelgroup.com
Max Barack (ARDC No. 6312302)
max@garfinkelgroup.com
(312) 736-7991

s/ *Jane M. McFetridge*

# EXHIBIT A

1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3   SUZANA KRAJISNIK,                   ) Docket No. 21 C 775
                                         )
 4                    Plaintiff,         )
                                         )
 5              vs.                      )
                                         )
 6   C.D. PEACOCK, INC., et al.,         ) Chicago, Illinois
                                         ) February 12, 2021
 7                    Defendants.        ) 1:00 o'clock p.m.

 8        TRANSCRIPT OF PROCEEDINGS - TELEPHONIC EMERGENCY MOTION
                    BEFORE THE HONORABLE JOHN Z. LEE
 9
     TELEPHONIC APPEARANCES:
10
     For the Plaintiff:           THE GARFINKEL GROUP, LLC
11                                BY:  MR. HASKELL S. GARFINKEL
                                       MR. MAX P. BARACK
12                                6252 North Lincoln Avenue
                                  Chicago, Illinois  60659
13
     For the Defendants:          JACKSON LEWIS PC
14                                BY:  MS. JANE M. McFETRIDGE
                                       MS. AUDREY O. GARDNER
15                                150 N. Michigan Ave., Suite 2500
                                  Chicago, Illinois  60601
16
     Also Present:                MR. TIMOTHY M. HOWE
17                                MR. TOM KEEVAN, C.D. Peacock

18   Court Reporter:              MR. JOSEPH RICKHOFF
                                  Official Court Reporter
19                                219 S. Dearborn St., Suite 2128
                                  Chicago, Illinois  60604
20                                (312) 435-5562

21
                     * * * * * * * * * * * * * * * *
22
                         PROCEEDINGS RECORDED BY
23                       MECHANICAL STENOGRAPHY
                    TRANSCRIPT PRODUCED BY COMPUTER
24

25
```

1   certain sales were conducted remotely and needed to be

2   shipped, and then people walk out the front door with the

3   watches or with the items in question so that they can bypass

4   sales taxes.

5           The reason we're here today is that the allegation,

6   the party names and the information contained in the complaint

7   is crucial to the underlying claims at issue here.  The reason

8   we're here is that we're alleging that the defendants' main

9   supplier, Rolex, was defrauded as part of the scheme.  And

10  what we really think the issue here, Judge, is not that this

11  is about trade secrets; is that they just don't want Rolex's

12  name in the court documents lest there be questions raised

13  about what's going on at the defendants' store.

14          The identity of these parties and the documents

15  defendants broadly allege need to be treated as confidential

16  trade secrets were not pleaded with specificity in the motion

17  and with the proper particularity to establish good cause

18  shown as to each issue in question.

19          I'm happy to continue, your Honor.

20          While we don't -- I think the other point to take,

21  your Honor, is that we do not accept defendants' recitation of

22  the facts or the procedural history in this matter.  There

23  have been multiple conversations that were conducted

24  ostensibly under 408 protections following e-mail

25  communications that had -- that were labeled confidential, for

1          THE COURT:  Yes.

2          MR. GARFINKEL:  Much of what they've pled and they've

3     required -- requesting the Court to seal -- is information

4     that isn't even theirs.  Some of it, for example, is Facebook

5     posts of a third-party employee who this counsel here does not

6     represent.  Facebook posts.  Some of it is personnel records

7     of our own client that are disclosed that they're asking for

8     that to be sealed.

9          The rest of it is simple information that is commonly

10    known in the industry.  A simple Google search -- you know,

11    the biggest thing -- one of the biggest things they want

12    covered is the distribution agreement between them and Rolex.

13    A simple Google search on the SEC Web site will produce that

14    information.  It's publicly available.  And virtually all

15    information about how Rolex conducts its business is publicly

16    available.

17         I also note that it's not on us or the burden is not

18    on plaintiff in regards to seal.  The burden is on the

19    defendants.  So, we can go para- -- we're happy to go

20    paragraph by paragraph now, if the Court would like.  But much

21    of this information is public and it's not even theirs.

22         THE COURT:  So, let me address Ms. McFetridge.

23         The exhibits that deal with -- that are basically in

24    Chinese -- Exhibits D, E, F, G, H, and I -- what's the basis

25    for redacting them or placing them under seal?

1              And, so, just the contention that these exhibits are

2      public are just directly contradicted by plaintiff's own

3      allegations in the complaint where they say that that's how

4      they got those.

5              But back to the point about The Edge.  It is our

6      software that, again, is only shared by employees.  That

7      information is only known by the company and its employees,

8      who are under strict confidentiality agreements and

9      obligations and prohibiting absolutely from disclosing that

10     information publicly.

11             THE COURT:  All right.  So, I'm going to go through

12     all the -- I've looked through all the paragraphs and all the

13     exhibits.  So, this is my ruling:

14             As a general matter, there's a presumption that

15     papers filed in the court record are public and should be

16     publicly available.  The exception is if there is good cause

17     to deem them confidential or protected.  One of the factors

18     the Court considers is whether or not they would reveal any

19     business confidential information or any trade secrets that

20     might place one or more of the parties at a competitive

21     disadvantage or provide information to the public that is not

22     otherwise publicly available for the purposes -- or in that

23     trade.

24             So, looking at the paragraphs numbered -- and, again,

25     I'm looking at Paragraph 18 of the emergency motion.

1   Paragraph 39, 40, 41, 42, 43, and 44, I find that defendants

2   have established good cause for redacting those paragraphs.

3           With regard to 45 and 46, those should not be

4   redacted.  I do not believe that defendants have shown good

5   cause that the information contained in those paragraphs

6   should be protected.

7           Paragraphs 47, 48, 49, 50, 51, 52, 53, and 54,

8   defendants' motion is granted.

9           Paragraph 58, defendants' motion is granted.

10          Paragraph 61, 62 and 63, defendants' motion is

11  granted.

12          Paragraph 87, the defendants' motion is granted.

13          Paragraph 93, the defendants' motion is granted.

14          Paragraph 106 is granted.

15          Paragraph 108, defendants' motion is denied.

16          Paragraphs 118 and 119, defendants' motion is denied.

17          Paragraph 121, it is granted.

18          Paragraph 152, it is denied.

19          Paragraph 158, it is denied.

20          Paragraph 161, it is granted.

21          Paragraphs 178 and 179, it is granted.

22          With regard to the exhibits, until discovery reveals

23  otherwise, I am going to grant the sealing -- or the motion --

24  as to Exhibits A, B and C.

25          With regard to D, E, F, G, H, and I, I do not believe

1    defendants have established good cause.  So, the motion is

2    denied as to those.

3            Exhibit J, the motion is granted.

4            Exhibit N, the motion is denied.

5            Exhibit O, the motion is granted.

6            Exhibit P, the motion is denied.

7            So, that's my ruling with regard to the motion.

8            So, what I'm going to do is I'm going to give -- I'm

9    going to enter an order placing the current complaint under

10   seal and ordering that a redacted complaint redacting those

11   paragraphs be filed by the plaintiff in the next two days --

12   or, actually, I guess by Monday -- by close of business

13   Monday.  But it's going to be placed under seal today, along

14   with the exhibits that I specified.

15           MS. GARDNER:  Your Honor --

16           THE COURT:  Any questions?

17           MS. GARDNER:  -- this is --

18           THE COURT:  Yes.

19           MS. GARDNER:  Yeah.  Your Honor, this is Audrey

20   Gardner on behalf of the defendants.

21           In our request, we inadvertently omitted it from

22   Paragraph 18; but in an earlier paragraph, Paragraph 13, we

23   had requested that Exhibit M also be redacted on the basis

24   that it includes the personal e-mail address of Robert

25   Baumgardner.  Does the Court have a decision on that exhibit?

19

```
 1   And that's Exhibit M, as in Mary.

 2            MR. BARACK:  And just as a point of reference, your

 3   Honor, we have no objection to redacting his personal e-mail

 4   address, regardless of the Court's ruling.  There's no

 5   objection on our end.

 6            THE COURT:  All right.  So, Mr. Baumgardner's e-mail

 7   in Exhibit M, as in Mary, should be redacted.

 8            MR. GARFINKEL:  Your Honor, is this an interim motion

 9   until we can brief the issue as to whether these are trade

10   secrets?  Because we would take objection with the fact that

11   these are trade secrets or are they -- and they are not

12   pleaded with specificity as required for seal.

13            THE COURT:  It's not an interim order.  This is my

14   ruling on the motion.

15            MR. GARFINKEL:  Okay.

16            THE COURT:  Okay?

17            MR. BARACK:  Thank you, your Honor.

18            THE COURT:  All right.  Thank you very much.

19            MS. McFETRIDGE:  Thank you.

20                         *    *    *    *    *

21

22   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
23

24
     /s/ Joseph Rickhoff                    February 17, 2021
25   Official Court Reporter
```